1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jeanette Jaime,**<br>            Plaintiff,<br><br>    v.<br><br>**Wal-Mart Stores, Inc.,** a Delaware Corporation; and Does 1-10,<br><br>        Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence |

    Plaintiff Jeanette Jaime complains of Defendants Wal-Mart Stores, Inc., a Delaware Corporation; and Does 1-10 ("Defendants") and alleges as follows:

    **PARTIES**:

    1.   Plaintiff is a California resident with physical disabilities. She suffers from a T-8 spinal cord injury and requires and uses a wheelchair for mobility.

    2.   Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for the Walmart store ("Walmart") located at or about 5601 E. Ramon Road, Palm Springs,

1

Complaint

1    California.

2        3.   Plaintiff does not know the true names of Defendants, their business
3    capacities, their ownership connection to the property and business, or their
4    relative responsibilities in causing the access violations herein complained of,
5    and alleges a joint venture and common enterprise by all such Defendants.
6    Plaintiff is informed and believes that each of the Defendants herein,
7    including Does 1 through 10, inclusive, is responsible in some capacity for
8    the events herein alleged, or is a necessary party for obtaining appropriate
9    relief. Plaintiff will seek leave to amend when the true names, capacities,
10   connections, and responsibilities of the Defendants and Does 1 through 10,
11   inclusive, are ascertained.

12

13   **JURISDICTION & VENUE:**

14       4.   This Court has subject matter jurisdiction over this action pursuant to
15   28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans
16   with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

17       5.   Pursuant to pendant jurisdiction, an attendant and related cause of
18   action, arising from the same nucleus of operative facts and arising out of the
19   same transactions, is also brought under California's Unruh Civil Rights Act,
20   and the California Disabled Persons Act, which acts expressly incorporate the
21   Americans with Disabilities Act.

22       6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is
23   founded on the fact that the real property which is the subject of this action is
24   located in this district and that Plaintiff's cause of action arose in this district.

25

26   **FACTUAL ALLEGATIONS:**

27       7.   The Plaintiff visits this Walmart store on a regular and ongoing basis
28   because she cashes her check and gets money orders at the MoneyCenter,

2

Complaint

located inside the Walmart store, regularly. She has visited Walmart on many occasions, including in March 2014.

8. Walmart is a facility open to the public, a place of public accommodation, and a business establishment.

9. Transaction counters are one of the facilities, privileges and advantages offered by defendants to their customers at the MoneyCenter inside Walmart.

10. Although defendants have a lowered counter section in the MoneyCenter, the transaction counter is not accessible to plaintiff because defendants store computers and other business machines near the slot that store personnel and plaintiff need to carry out the transaction. As a result, the lowered counter section is unavailable for use by disabled customers, including plaintiff.

11. In March 2014 plaintiff asked an employee to conduct business at the lowered section of the counter but the employee said that she could only conduct business at the higher counter, which measures 46 inches in height from the finish floor. The employee cited the computer near the slot at the lowered section and said that the higher counter was the best she could do.

12. Defendants have no policy or procedure in place to make sure that the lowered transaction counter remains useable for disabled persons. Instead, defendants use the lowered counter section, near the slot opening, to store work computers.

13. The defendants have failed to maintain in working and useable condition those features required to provide ready access to persons with disabilities.

14. The plaintiff has personally encountered these problems on several occasions. This inaccessible condition denied the plaintiff full and equal access and caused her difficulty and frustration.

Complaint

15. Plaintiff would like to return to Walmart but she will continue to be discriminated against until defendants remove the barriers.

16. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42  U.S.C. section 12101, et seq.)

17. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

18. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

        a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

        b.  A failure to remove architectural barriers where such removal is

Complaint

1   readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

2   defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

3   Appendix "D."

4   c.   A failure to make alterations in such a manner that, to the

5   maximum extent feasible, the altered portions of the facility are

6   readily accessible to and usable by individuals with disabilities,

7   including individuals who use wheelchairs or to ensure that, to

8   the maximum extent feasible, the path of travel to the altered

9   area and the bathrooms, telephones, and drinking fountains

10  serving the altered area, are readily accessible to and usable by

11  individuals with disabilities. 42 U.S.C. § 12183(a)(2).

12  19. In areas used for transactions where counters have cash registers and

13  are provided for sales or distribution of goods or services to the public, at least

14  one of each type shall have a portion of the counter which is at least 36 in in

15  length with a maximum height of 36 in above the floor. 1991 Standards §

16  7.2(1); 2010 Standards § 904.

17  20. Here, even though there is a lowered counter to conduct transactions,

18  Walmart does not make it available to customers who need the lowered

19  counter to conduct business.

20  21. A public accommodation must maintain in operable working condition

21  those features of its facilities and equipment that are required to be readily

22  accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

23  22. Here, the failure to ensure that the accessible transaction counter was

24  available and ready to be used by the plaintiff is a violation of the law.

25

26

27

28

5

Complaint

23. **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

25. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

26. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ.§ 54-54.8)

27. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

28. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

29. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

30. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

31. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

Complaint

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

Dated: July 17, 2014                    CENTER FOR DISABILITY ACCESS

By:_____

Mark Potter, Esq.
Attorneys for Plaintiff

Complaint